Filing # 24590516 E-Filed 03/06/2015 03:10:10 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL AXEL,

    Plaintiff,

v.                                       Case No. 2015-CA-000717

FIELDS MOTORCARS OF
FLORIDA, INC.,

    Defendant.
_____/

### PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Axel ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Fields Motorcars of Florida, Inc. ("Defendant" or "Fields") and states as follows:

1. This is an action to remedy unlawful employment practices and civil rights violations brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § § 621-634 (the "ADEA"). Plaintiff seeks equitable relief and damages including: declaratory and injunctive relief; back pay; liquidated damages; attorneys' fees, costs and expenses; and all other relief this Court deems just and proper.

### JURISDICTION, VENUE AND PARTIES

2. This is an action for damages which exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

3. Defendant Fields Motorcars of Florida, Inc. is a Florida for-profit corporation which conducts business nationally, including Polk County, Florida, and is therefore within the jurisdiction of this Court.

4. Defendant is an Employer within the meaning of the ADEA.

5. Venue is appropriate in this Judicial Circuit, as the events giving rise to Plaintiffs claims occurred primarily in Polk County, Florida.

6. Plaintiff is an adult and a resident of Pasco County, Florida.

7. At all times material, Plaintiff was an employee and aggrieved person within the meaning of the ADEA in that he was an employee of Defendant over the age of 40. Specifically, Plaintiff is 71-years old.

8. Plaintiff was unlawfully terminated because of his age and/or disability on or around May 7, 2014.

## CONDITIONS PRECEDENT
### U.S. Equal Employment Opportunity Commission Filing

9. On or around November 14, 2014, Plaintiff timely duel-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging discrimination on the basis of age and disability.[1] (Exhibit "A")

10. Pursuant to 29 U.S.C. § 626(d), Plaintiff need only wait 60-days following the filing of a Charge of Discrimination with the EEOC to bring a civil action under the ADEA.

11. 60-days have passed since Plaintiff filed his Charge of Discrimination.

12. Accordingly, Plaintiff has exhausted his administrative remedies and all conditions precedent to filing this action have been satisfied or otherwise waived.[2]

---

[1] Pursuant to Section 760.11(1), Fla. Stat., charges of discrimination filed with the EEOC are automatically deemed dual-filed with the FCHR on the date filed with the EEOC.

## FACTUAL ALLEGATIONS

13. Defendant is a multi-marque automobile dealer operating nationally and sells, leases, and services international automobile brands such as BMW, Mercedes-Benz, Bentley, Lamborghini, and Jaguar, among others.

14. At all times material to this case, Plaintiff worked for Defendant as a used car wholesaler, primarily at Defendant's Fields BMW dealership located at 4285 Lakeland Park Dr., Lakeland, FL 33809.

15. Plaintiff worked for Defendant for approximately ten years prior to his termination on or around May 7, 2014.

16. Plaintiff was qualified for his job and excelled in his position.

17. Throughout his 10+ year career working for Defendant, Plaintiff never received any kind of disciplinary or corrective action, and consistently met or exceeded all performance goals and expectations.

18. Plaintiff received numerous accolades from Defendant, including numerous awards, certificates, plaques, paid for vacations and trips, and other prizes throughout his employment.

19. In fact, Plaintiff was such a dedicated and knowledgeable employee that he was called time and time again, to fully manage Defendant's Lakeland BMW and Mercedes dealerships when regularly scheduled store managers were unavailable. Plaintiff did not receive any additional compensation for these duties.

20. During his employment with Defendant, Plaintiff was diagnosed with kidney cancer, for which he had a kidney removed and underwent experimental treatment.

---

[2] Plaintiff's EEOC charge also contained claims for age and disability discrimination under Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act. Upon being issued a letter of determination on those claims, Plaintiff intends to move to amend his Complaint to add these additional claims.

21. From that point up to his termination, Plaintiff was asked about the status of his operation and condition by his General Manager, Gary Gordon, and other members of management and employees.

22. Notwithstanding his disability, Plaintiff remained qualified for his position and was on pace to have his most productive year ever prior to his termination.

23. Despite Plaintiff's excellent performance and unblemished disciplinary record, Plaintiff was repeatedly passed up for promotions for which he was undeniably qualified for, and was actually demoted from Used Car Manager for no viable reason.

24. Throughout his employment with Defendant, he was referred to as "Grandpa," sarcastically asked if he needed help with the copier machine and other equipment, and was subjected to other ageist comments and jokes.

25. Notwithstanding Plaintiff's 10+ years of loyal service to Defendant, Plaintiff was summarily terminated on or around May 7, 2014, ostensibly for "not following company policies and processes."

26. The alleged violation of "company policy" on which Plaintiff's termination is based, took place during Plaintiff's first year of employment with Defendant – over ten years ago.

27. However, Plaintiff did not violate any company policies or engage in any conduct without the express approval of his direct supervisors, either at the beginning, middle, or end of his employment with Defendant.

28. In all events, other significantly younger and non-disabled employees have engaged in conduct significantly more severe and recent that that *alleged* of Plaintiff, and have not been terminated or disciplined.

29. Additionally, Defendant did not follow its progressive discipline policy in discharging Plaintiff, while other younger and non-disabled employees are given the benefit of progressive discipline.

30. Shortly before Plaintiff's termination, Defendant hired a 30 +/- year old individual to perform the same job duties Plaintiff formerly performed.

31. Plaintiff was replaced by an individual 20 years younger than him following Plaintiff's discharge.

32. Plaintiff's replacement has contacted Plaintiff on numerous occasions following his termination for guidance on completing transactions and other questions regarding Plaintiff's job.

33. Defendant's current short and long-term business plans include remodeling stores to improve customer experiences and make its dealerships "nice, exciting, fun place[s] to visit, which is the polar opposite of what it has traditionally been."

34. Beyond physical changes and improvements to current facilities, Defendant hopes to "look to new processes and new ways of doing business that just make the customer experience better and faster and be in tune with the customers, the millennials, who want an experience that is a lot different from the traditional car-buying experience."

35. Plaintiff did not fit within Defendant's short and long-term business goals.

36. Indeed, the disciplinary action taken against Plaintiff is inconsistent with Defendant's own progressive discipline policy and more severe than the disciplinary action taken against Plaintiff's colleagues outside his protected classes.

37. As a result of the Defendant's discriminatory treatment towards Plaintiff, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress,

humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish.

38. Defendant's conduct and that of its agents was so willful and/or wanton to entitle him to an award of liquidated damages in addition to all other damages allowed by law.

39. Plaintiff has had to retain the undersigned law firm to which he is obligated to pay reasonable attorneys' fees, costs and expenses.

### COUNT I
### Age Discrimination in Violation of the ADEA

40. Plaintiff re-alleges the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff is a member of a protected class under the ADEA because he is over the age of 40.

42. While he was employed with defendant, he was qualified for and excelled at his position.

43. Defendant subjected Plaintiff to disparate treatment and terminated him because of his age in violation of the ADEA.

44. Plaintiff's unlawful termination affected a "term, condition, or privilege" as envisioned by the ADEA.

45. Similarly situated employees outside of Plaintiff's protected class were treated more favorably.

46. Defendant's violation of the ADEA was knowing, willful, and in reckless disregard of the rights of Plaintiff. As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer distress, humiliation, expense, embarrassment, and damage to

his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order:

i. awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

ii. awarding Plaintiff liquidated damages pursuant to the ADEA;

iii. awarding reasonable attorney's fees and costs incurred in this action as provided by the ADEA;

iv. declaring Defendant's actions to be an unlawful employment practice in violation of the ADEA;

v. ordering such additional equitable or other relief as is proper and just.

## DEMAND FOR JURY TRIAL

47. Plaintiff demands a trial by jury.

Respectfully Submitted,

BOUZAS OWENS, P.A.

*/s/ Miguel Bouzas*

**Miguel Bouzas, Esq.**
Florida Bar No.: 0048943
Primary Email: miguel@bouzasowens.com
**Gregory A. Owens, Esq.**
Florida Bar No.: 0051366
Primary Email: greg@bouzasowens.com
2154 Duck Slough Blvd.
Suite 101
Trinity, FL 34655
Ph.    (727) 254-5255
Fax.   (727) 483-7942

**Attorneys for Plaintiff**