UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MICHAEL AXEL,<br><br>      Plaintiff,<br><br>v.<br><br>FIELDS MOTORCARS OF FLORIDA, INC.,<br><br>      Defendant. | CASE NO.:  8:15-CV-00893-EAK-JSS |

# DEFENDANT'S TRIAL BRIEF

Plaintiff, Michael Axel ("Plaintiff"), sued Defendant, Fields Motorcars of Florida, Inc. ("Fields" or "Defendant"), alleging age discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634 ("ADEA"), and the Florida Civil Rights Act, Chapter 760, Part I, Florida Statutes ("FCRA"), and handicap discrimination under the FCRA. Specifically, Plaintiff, a former employee of Fields, alleges that Fields terminated his employment on the basis of age and/or handicap status.  Fields denies that it terminated Plaintiff's employment because of his age or handicap.  Rather, Fields terminated Plaintiff's employment upon discovering that Plaintiff had falsified documentation that misrepresented him as a general manager of Fields and identified his son—who was not a Fields employee—as a representative authorized to buy and sell automobiles on behalf of Fields.

## I.     LEGAL ARGUMENTS AND AUTHORITIES[1]

### A.     Age And Handicap Discrimination Claims Are Mutually Exclusive And Plaintiff Can Only Bring Forth One Theory At Trial.

Plaintiff cannot present both theories of age and handicap discrimination to the jury. The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer…to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, **because of** such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The United States Supreme Court held that the ADEA's requirement that an employer took action "because of" age means that a plaintiff must prove that age was **the "but for" cause** of the employer's adverse decision. *Gross v. FBL Financial Services*, 557 U.S. 167, 176 (2009) (emphasis added) (citations omitted). In other words, the ADEA's requirement that an employer took adverse action "because of age" is that age was **the "reason"** that the employer acted. *Id.* (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (emphasis added)). Therefore, to establish an ADEA disparate treatment action, a plaintiff must prove by a preponderance of the evidence, that age was the "but for" cause of the challenged employer decision. *Id.* at 177 (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141-43 (2000)). The Eleventh Circuit has further held that "the ADEA requires that age be **the reason** that the employer decided to act." *Mora v. Jackson Memorial Foundation*, 597 F.3d 1201, 1204 (11th Cir. 2010) (emphasis added) (applying *Gross*).

---

[1]     In an effort to avoid rehashing the same arguments made in Defendant's Motion for Summary Judgment, Defendant is limiting its Trial Brief to the disputed issues of law between the parties that the court will need to decide either before, during, or after trial.

A plaintiff who invokes the ADEA must prove that the fact he is over 40 years old was the **"but for"** or the **only** reason for the alleged adverse employment action. *Culver v. Birmingham Board of Education*, 646 F. Supp. 2d, 1270, 1271-72 (N.D. Ala. 2009); *see also Mora*, 597 F.3d at 1204 ("[A]n ADEA plaintiff must establish 'but for' causality…[;] the employer either acted 'because of' Plaintiff's age or it did not."); *Whitaker v. Tennessee Valley Authority Bd. of Directors*, No. 08-1225, 2010 WL 1493899, at *9 (M.D. Tenn. April 14, 2010) (granting summary judgment because plaintiff did not present a jury question on whether his age was the **sole** reason for the adverse employment action.) An ADEA claimant cannot satisfy a "but for" burden if another unlawful reason motivated the employer's decision. *Froust v. Metropolitan Security Services, Inc.*, 829 F. Supp. 2d 614, 622 (E.D. Tenn. 2011) (holding that the plaintiff cannot simultaneously claim "but for" causation on his ADEA claim while also arguing that his discharge was motivated by retaliation for his alleged complaints of age-based discrimination and sexual harassment); *Belcher v. Service Corp. Int'l*, No. 07-285, 2009 WL 3747176, at *3 (E.D. Tenn. Nov. 4, 2009) ("*Gross* arguably makes it impossible for a plaintiff to ultimately recover on an age and a gender discrimination claim in the same case."); *Wardlaw v. City of Philadelphia Streets Dept.*, No. 05-3387, 2009 WL 2461890, at *7 (E.D. Pa. Aug. 11, 2009) ("[A] plaintiff can only prevail on an age-related employment discrimination claim if that is the only reason for discrimination."). Thus, a plaintiff cannot claim that age is the "but for" reason for the employer's adverse conduct and also claim there was any other proscribed motive involved. *Culver*, 646 F. Supp. 2d at 1271-72. It is incongruous for a plaintiff to posit alternate theories because the very presentation of different reasons for an adverse employment action suggests that age was not the sole reason for the action. *Whitaker*, 2010 WL 1493899, at *9; *see also Huff v. Power Partners, Inc.*, No. 3:08-

CV-52, 2010 WL 797201, at *7 (M.D. Ga. Mar. 4, 2010) (granting summary judgment on age claim for defendant where plaintiff claimed decision was based both on manager's incompetence and his age because ADEA claims do not allow for mixed-motive decisions).  For these reasons, courts require plaintiffs who have brought discrimination claims against an employer under both the ADEA and another discriminatory theory (race, sex, handicap, etc.) to select one or the other for trial.  *See DeAngelo v. DentalEZ, Inc.*, 738 F. Supp. 2d 572, 578-79 (E.D. Pa. 2010) (finding that plaintiff may pursue alternative theories of discrimination through the summary judgment stage, but must decide prior to the conclusion of her trial which theory to base claim upon); *Culver*, 646 F. Supp. 2d at 1272 (requiring the plaintiff to choose between his ADEA claim—which would require him to prove age as the only reason for the adverse employment action—and his Title VII claim).

      Plaintiff has brought discrimination claims on the basis of both age and handicap.  Plaintiff's age discrimination claims are brought under the ADEA and the FCRA.  Age claims under the FCRA are analyzed using the same framework as federal case law interpreting the ADEA.  *See City of Hollywood v. Hogan*, 986 So.2d 634, 641 (Fla. 4th DCA 2008).  Therefore, the same "but for" causation standard applies to Plaintiff's claim of age discrimination under the ADEA and the FCRA.  *See Gross*, 557 U.S. at 176.  To succeed on his age claim, Plaintiff must prove that his age was the only reason his employment was terminated.  See *Mora*, 597 F.3d at 1204; *Culver*, 646 F. Supp. 2d at 1271-72.  Plaintiff's handicap discrimination claim conflicts with his age discrimination theory.  If Plaintiff's handicap status played a role in the termination of his employment, then his employment was not terminated **because of** his age.  The ADEA does not allow mixed-motive theories of discrimination.  *Gross*, 557 U.S. at 174-76.  The two theories of

discrimination are mutually exclusive. The age discrimination and disability discrimination theories both cannot be argued to the jury because it is legally impossible for Plaintiff to prevail on both. Plaintiff must select either his age claim or his handicap claim to bring forth at trial—Plaintiff cannot bring both claims.

B.     **The "But For" Standard Applies To Age Claims Under The FCRA.**

The Plaintiff's age claim under the FCRA must be interpreted under the same "but for" standard as his claim under the ADEA. "Age discrimination claims brought under the Florida Civil Rights Act have been considered within the same framework used to decide actions brought pursuant to the ADEA." *Zaben v. Air Prods. & Chems.*, 129 F.3d 1453, 1455 n. 2 (11th Cir. 1997). The FCRA reads "[i]t is an unlawful employment practice for an employer: [t]o…discriminate against any individual…**because of** such individual's…age." Fla. Stat. § 760.10(1)(a) (emphasis added). The ADEA prohibits an employer from firing an employee 40 years old or older **"because of"** the employee's age. See 29 U.S.C. §§ 623(a)(1), 631(a) (emphasis added). Because of the statutes' similarity, the United States Court of Appeals for the Eleventh Circuit applies the same analysis—including the "but for" standard—to a plaintiff's age claims under the ADEA and the FCRA. *See Barsorian v. Grossman Roth*, P.A., 572 Fed. App'x 864, 868 (11th Cir. 2014); *Rodriguez v. Cargo Airport Services USA, LLC*, 648 Fed. App'x 986, 989 (11th Cir. 2016) ("We analyze both [ADEA and FCRA] claims jointly under the framework used to decide ADEA actions."); *Rohling v. ITT Educ. Services, Inc.*, 8:14-CV-396-T-27TBM, 2015 WL 1800347, at *7 (M.D. Fla. Apr. 16, 2015) ("ADEA and FCRA claims are analyzed under the same standards."). Further, Florida courts apply the "but for" standard when dealing with age discrimination claims under the FCRA. *See, e.g., Sunbeam Television Corp. v. Mitzel*, 83 So.3d 865, 877 (Fla. 3d. DCA 2012) (concluding that jury

needed to decide whether the plaintiff's age was the "but for" cause of her termination in age claim under the FCRA).

Clearly, Plaintiff's age claim under the FCRA must be held to the same "but for" standard used for ADEA claims. Plaintiff must prove his age was **the "but for"** cause of the termination of his employment to prevail on his FCRA-based age discrimination claim.

C. <u>The "But For" Standard Applies To Plaintiff's Handicap Claim.</u>

Plaintiff brought his handicap discrimination claim under the FCRA. Disability discrimination claims under the FCRA are analyzed under the same framework as the ADA. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263-64 (11th Cir. 2007). To establish a prima facie case under the ADA, a plaintiff must show that: (1) he was disabled; (2) he was a qualified individual at the relevant time, and (3) he was discriminated against **because of** his disability. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (emphasis added). The Eleventh Circuit has held that the ADA applies the "but for" causation standard for claims under the ADA. *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996) ("The ADA imposes a "but for" liability standard."); *see also Stiles v. Judd*, No. 8L12-cv-02375-T-27EAJ, 2013 WL 6185404, at n. 3 (M.D. Fla. Nov. 25, 2013) (applying the "but for" standard of causation). Therefore, the "but for" standard applies to Plaintiff's handicap discrimination claim. To succeed on this claim, Plaintiff must prove that "but for" his handicap (cancer), his employment would not have been terminated.

D. <u>Cat's Paw Does Not Apply To Co-Workers.</u>

Plaintiff will likely seek to rely on Tim Scheid's allegedly ageist remarks as evidence that Scheid harbored age-based animus towards him. Because there is no evidence that Scheid was

involved in the decision to terminate Plaintiff's employment, Plaintiff will likely seek to impute Scheid's alleged age-based animus to John Mantione and Gary Gordon (the Fields managers involved in that decision) based on a cat's paw theory of liability. There is evidence in the record showing that Scheid was not Axel's supervisor. Ultimately, whether Scheid is or is not Plaintiff's supervisor is an issue of fact to be decided by the jury. However, whether a cat's paw theory may be maintained at all based on the alleged discriminatory animus and actions of a co-worker is an important issue of law that must be decided by the Court.

In the employment context, a "cat's paw" theory of recovery may apply when a biased actor recommends that an adverse employment action be taken against an employee, but the biased actor is not the ultimate decision-maker. *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999). The United States Supreme Court has defined cat's paw liability as follows: "if a **supervisor** performs an act motivated by [discriminatory] animus that is intended by the **supervisor** to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable." *Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011) (applying cat's paw to a USERRA claim) (emphasis added). The Court in *Staub,* explicitly expressed "no view" as to whether cat's paw could apply to a biased co-worker of the plaintiff. *Id.* at n.4. Many courts throughout the country have held or recommended that the cat's paw theory of liability does not apply when the biased actor is merely a co-worker—and not a supervisor—of the plaintiff. *See, e.g., Abdelhadi v. City of New York*, No. 08-CV-380, 2011 WL 3422832, at *5 (E.D.N.Y. Aug. 4, 2011), aff'd, 472 Fed. App'x 44 (2d Cir. 2012) (declining to hold employer liable for "unsolicited comments" from plaintiff's co-workers about his fitness for duty—holding that for cat's paw liability, the biased individual must be a supervisor of the

plaintiff."); *Reynolds v. Federal Exp. Corp.*, No. 09-2692-STA-cgc, 2012 WL 1107834, at *19 (W.D. Tenn. Mar. 31, 2012) (declining to extend *Staub* to co-workers and precluding plaintiffs from bringing a theory of cat's paw liability based on the alleged discriminatory actions of a biased co-worker); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 685 (8th Cir. 2012) (suggesting that only the suggestions or recommendations of supervisors are relevant when analyzing a "cat's paw" claim); *Hysten v. Burlington Northern Santa Fe Ry. Co.*, 415 Fed. App'x 897, 912 (10th Cir. 2011) (declining to apply "cat's paw" because the discriminatory animus and actions came from two of plaintiff's co-workers with no supervisory authority over plaintiff); *Gomez v. City of New York*, 12-CV-6409 RJS, 2014 WL 4058700, at *5 (S.D.N.Y. Aug. 14, 2014) (holding cat's paw inapplicable because alleged biased actors were not plaintiff's supervisors).

Even if the Court finds that cat's paw applies to the discriminatory animus and actions of Plaintiff's co-worker, Plaintiff faces a more difficult task than if the cat's paw theory was based on the animus and actions of a non-decision making supervisor. *See Burlington v. News Corporation*, 55 F. Supp. 3d 723, 738-39 (E.D. Penn. 2014). For cat's paw liability under USERRA or Title VII, a plaintiff must prove that a non-decision maker: (1) performed an act motivated by discriminatory animus; (2) the act was intended by the non-decision maker to cause an adverse employment action; and (3) that act is a proximate cause of the ultimate employment action, *Staub*, 562 U.S. at 422. The standard of proof must change when cat's paw is a theory of liability in an ADEA case because the ADEA requires a different proof than is required under Title VII or USERRA. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1335-36 (11th Cir. 2013). Although the burden of proof is higher in an ADEA action, the Eleventh Circuit did not alter the first two elements dealing with the non-decision maker's action. *Id.* Therefore, in a traditional cat's paw case under the

ADEA dealing with a non-decision making supervisor, a plaintiff must prove the non-decision maker: (1) performed an act motivated by discriminatory animus; (2) the act was intended to cause an adverse employment action; and (3) the animus was the "but-for" cause or determinative influence on the adverse action. *See Id.* at 1336-37. However, when a plaintiff is bringing a cat's paw claim for the animus of a non-supervisory co-worker, he must also prove either (a) the defendant employer acted negligently by allowing the co-worker's acts to achieve their desired effect though they knew (or reasonably should have known) of the discriminatory motivation; or (b) the co-worker was aided in accomplishing the adverse employment action by the existence of the agency relation with the defendant employer. *Burlington*, 55 F. Supp. 3d at 738-39. Therefore, Plaintiff must prove one of these additional elements to succeed under a co-worker cat's paw theory based on Sheid's alleged animus.

The cat's paw theory of liability does not extend to the discriminatory animus and actions of a plaintiff's co-workers. Even if this Court finds that cat's paw applies to co-workers, then the Plaintiff must still prove his theory under the heightened standard outlined in *Burlington*.

E.  **Fields Is Entitled To The Same Actor Inference.**

Where the facts indicate the same individual both hired and fired an employee, the same actor inference may arise that the employer's stated justification for terminating the employee is not pretextual. *Williams v. Vitro Services Corporation*, 144 F.3d 1438, 1443 (11th Cir. 1998). See also *Garret v. Southwestern Medical Clinic*, 631 Fed. App'x 351, 357 (6th Cir. 2015) ("Courts sometimes choose to apply the 'same actor' inference when the same person who hired the plaintiff also fired the plaintiff."). In *Williams*, the Eleventh Circuit weighed in on the issue and found the same actor inference was a permissible inference that a jury may make in deciding

whether intentional discrimination motivated the employer's conduct.  144 F.3d at 1443.  *See also Gilbert v. Walt Disney Parks and Resorts, LLC*, No. 6:03CV1193ORL28JGG, 2005 WL 1863367, at n. 10 (M.D. Fla. Aug. 3, 2005) (holding same actor inference can be considered by jury in determining the pretext issue); *Smith v. Florida Dept. of Transp.*, 98-1349-CIV-T-25F, 1999 WL 33216741, at *4 (M.D. Fla. Nov. 30, 1999) (applying the same actor inference on a motion for summary judgment).  In *Williams*, the Eleventh Circuit adopted the following standard for the same actor inference:

> [W]e conclude that "same actor" evidence of the sort introduced in this instance constitutes evidence that a jury may consider in deciding the ultimate issue of intentional discrimination.  Evidence that the same actor both hired and fired the plaintiff, in some circumstances, may help to convince a jury that the defendant's proffered legitimate reasons for its decisions are worthy of belief; it is the province of the jury rather than the court, however, to determine whether the inference generated by "same actor" evidence is strong enough to outweigh a plaintiff's evidence of pretext.

*Id.* at 1443.

Fields manager Gordon was responsible for both hiring and firing Plaintiff.  Gordon hired Plaintiff when he was over 40 years old and fired him when he was over 40 years old.  The evidence in the record supports that Fields is entitled to the same actor inference and Fields can further support this contention with evidence at trial.  If a party is entitled to this same actor inference, it is proper to instruct the jury on the same actor inference.  *Barthelus v. G4S Government Solutions, Inc.*, 141 F. Supp. 3d 1309, 1319 (S.D. Fla. 2015).  This jury instruction must properly articulate the standard set forth in *Williams*.  *See Id*. at 1318 (the defendant's jury instruction was unlawful because it stated the inference created "a strong inference or presumption" rather than the "permissible inference" language in *Williams*).  Once the jury

instruction is given, it is then up to the jury to decide whether they want to make that inference and what weight to assign to it. *Id.* Fields is entitled to the same actor inference and to a jury instruction explaining such inference to the jury.

**F.     Scheid's Alleged Ageist Statements Are Not Direct Evidence Of Discrimination.**

Scheid's alleged ageist statements do not constitute direct evidence of age discrimination. Direct evidence is "evidence, which if believed, proves [the] existence of [a] fact in issue without inference or presumption." *Burrell v. Bd. of Trustees of Georgia Military Coll.*, 125 F.3d 1390, 1393 (11th Cir. 1997). "Direct evidence is composed of only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor." *Schoenfield v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999). Scheid's alleged ageist comments are not direct evidence of discrimination. "[C]omments by non-decision makers do not raise an inference of discrimination, especially if those comments are ambiguous." *Mitchell v. USBI Co.*, 186 F.3d 1352, 1355 (11th Cir. 1999); *see also Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1319-20 (statement by non-decision maker that "older people have more go wrong" was not probative of discriminatory intent); *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1558 (11th Cir. 1987) (statement by non-decision maker that the company was going to "weed out the old ones" did not raise a genuine issue of material fact regarding discriminatory intent). Scheid was not Plaintiff's supervisor. Scheid was not a non-decision maker in the termination of Plaintiff's employment. Plaintiff alleges Scheid made ageist comments towards Plaintiff, such as "grandpa," "don't you think you're too old for this job,"[2] and other ambiguous comments. These types of

---

[2]     Respectfully, it is debatable whether Plaintiff actually attributed such a statement to Scheid during his deposition.

comments do not constitute direct evidence of discrimination. Plaintiff is a grandfather. One need not be over age 40 to be a grandfather.

Plaintiff will likely argue that Scheid's alleged animus and comments should be imputed to Fields under the cat's paw theory—and therefore—Scheid's comments, for all intents and purposes, were made by a decision maker. Even if this were the case, the comments still do not constitute direct evidence of age discrimination. *See Leatzow v. A.M. Castle & Co.*, No. 99-14218-CIV, 2001 WL 1825851, at *4 (S.D. Fla. 2001) (extending the *Mitchell* reasoning to decision-makers). In *Leatzow*, an ADEA case, the court examined several allegedly ageist comments made by a plaintiff's supervisor, some of which were made in the context of an adverse employment action. *Id.* The plaintiff alleged that his supervisor said he was a "good sport to take the hit" and that his replacement "has a young family and needs the job." *Id.* The court held: "While in this case one of the decision-makers…made the allegedly discriminatory remarks, the court extends the *Mitchell* reasoning to instances such as the present one, where an isolated ambiguous comment, when weighted against other evidence, does not raise [an] issue of discriminatory intent." *Id.* Other courts throughout the Eleventh Circuit have adopted this viewpoint and have agreed that ambiguous comments from decision makers do not establish direct evidence of discrimination. *See, e.g.*, *Schweers v. Best Buy, Inc.*, 132 Fed. App'x 322, 324 (11th Cir. 2005) (rejecting plaintiff's assertion that supervisor's comments of "old man" and "senior member of the management team" were direct evidence); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 610-11 (11th Cir. 1987) (statement by decision-maker that the plaintiff could not pass a physical "at your age," when weighed against other evidence, did not establish discriminatory intent); *Oliver v. Schwan's Sales Enterprises,* No. 96-4-CIV-OC-10C, 1997 WL 689434, at *2 (M.D.

Fla. Jun. 24, 1997) (finding no direct evidence where supervisor constantly referred to plaintiff as "old man" and "gray haired old man" and asked him whether he was up to the job and if he was all right); *LeBlanc v. TJX Cos.*, 214 F. Supp. 2d 1319, 1325 (S.D. Fla. 2002) (finding supervisor's statement "an old man like you doesn't have to go [to training] because [he] knows these things already" was not direct evidence).

Therefore, regardless of whether Scheid is considered a decision maker or not, his comments do not constitute direct evidence of discrimination. Accordingly, Plaintiff is not entitled to any inference of discrimination based upon those statements.

**G.     Plaintiff Cannot Establish That Fields Treated A Similarly Situated Employee Outside Of His Protected Class More Favorably Than He Was Treated.**

Plaintiff cannot identify a similarly situated comparator who was treated better than he was. To establish unlawful disparate treatment, a plaintiff generally must demonstrate that his employer treated similarly situated employees outside of his protected class more favorably than he was treated. *Wolfe v. Postmaster Gen.*, 488 Fed. App'x 465, 468 (11th Cir. 2012) (citations omitted). When a plaintiff alleges that other employees engaged in similar misconduct but were not similarly disciplined, the plaintiff must produce evidence that "the quantity and quality of the comparator's misconduct [was] nearly identical." *McCann v. Tillman*, F.3d 1370, 1373 (11th Cir. 2008) (quotation marks omitted). The misconduct between the plaintiff and comparator must be "nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).

Plaintiff's counsel will likely attempt to argue that Fields car salesperson Majed Nasrallah was a similarly situated employee treated better than he was. Yes, Nasrallah is under 40 years

old. However, Plaintiff and Nasrallah held different positions with Fields. Plaintiff was an auto wholesaler while Nasrallah was a client advisor (salesperson). Further, the severity of Plaintiff's and Nasrallah's alleged misconduct was drastically different. Fields determined Plaintiff had committed fraud by falsifying a document to enable his son to have the authority to buy and sell vehicle on behalf of Fields. Nasrallah apparently took a car home one time without permission.[3] The disparity between the two offenses speaks for itself. Plaintiff's and Nasrallah's misconduct were not nearly identical. Accordingly, Plaintiff cannot prove that a similarly situated comparator was treated more favorably than he was.

**H.    The *McDonnell Douglas* Burden Shifting Framework Applies.**

When evaluating disability or age discrimination claims premised on circumstantial evidence, the *McDonnell-Douglas* burden-shifting standard applies: (1) Plaintiff must first establish a *prima facie* case of disability/age discrimination; (2) if he does so, Fields must then proffer a legitimate, nondiscriminatory reason for its action; and (3) Plaintiff must then prove that Fields' articulated reason was a pretext for discrimination. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000).

**I.    Fields Had A Legitimate Business Reason For Terminating Plaintiff's Employment.**

Even if Plaintiff could establish a *prima facie* case of discrimination, Fields has proffered a legitimate, nondiscriminatory reason for Plaintiff's termination, namely Plaintiff's falsification of an authorization form that falsely represented Plaintiff as Fields' General Manager and which permitted his son, who was never an employee of Fields, to purchase vehicles on Fields' behalf.

---

[3]    There is some undeveloped evidence in the record that Nasrallah may have also committed another rule infraction.

An employee's falsification of records is a legitimate, nondiscriminatory reason for termination. *See Stinson v. Pub. Serv. Tel. Co.*, 486 F. App'x 8, 10 (11th Cir. 2012) (falsifying bank records was a legitimate reason for termination); *see also Patterson v. O'Neal Steel, Inc.*, No. CV94-H-3129-S, 1995 WL 794022, at *4 (N.D. Ala. Dec. 13, 1995) (falsification of time records was a legitimate reason for termination). Hence, Plaintiff's falsification of the representation authorization letter was a legitimate, non-discriminatory reason for his termination.

**J.    Plaintiff's Significant Burden To Prove Pretext.**

To prove pretext, Plaintiff must offer "significantly probative evidence" that the reason proffered by Fields was not its true reason, but was a "pretext for discrimination." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590-91 (11th Cir. 2000), *overruled on other grounds*, *Carter v. Miami*, 870 F.2d 578, 584 (11th Cir. 1989) (significantly probative evidence required); *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004) (plaintiff must meet the reason "head on and rebut it"). Mere "[c]onclusory allegations of discrimination" are not sufficient to raise an inference of pretext or intentional discrimination where an employer has offered extensive evidence of legitimate, non-discriminatory reasons for its action." *Carter v. City of Miami*, 870 F.2d 578, 585 (11th Cir. 1989) (quoting *Young v. General Food Corp.*, 840 F.2d 825, 830 (11th Cir. 1988). Fields anticipates Plaintiff will attempt to do just that, by trying to show pretext based on his own conclusory statements. Plaintiff's only evidence of age discrimination is several alleged offhand remarks by a co-worker—Tim Scheid. Plaintiff argues that these alleged remarks prove that Scheid possesses a discriminatory animus against old people. Next, Plaintiff claims Scheid— who himself had no supervisorial authority or decision-making power over Plaintiff's employment— somehow influenced Mantione to terminate him because of his age. Scheid's

discriminatory animus was apparently so powerful that it made its way through Mantione to Gordon, who ultimately terminated Plaintiff's employment.  Plaintiff's speculative theory is not the type of significantly probative evidence required to prove that a legitimate business reason is pretext for discrimination.

To prove pretext, Plaintiff must prove **both** that the employer's stated reason was false, **and** that discrimination was the real reason.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993); *Knott v. DeKalb County School System*, 624 Fed. App'x. 996, 998 (11th Cir. 2015); *Noel v. Terrace of St. Cloud, LLC*, 6:14-CV-597-ORL-40, 2015 WL 5542519, at *4 (M.D. Fla. Sept. 18, 2015).  Accordingly, it is not enough to disbelieve the employer's reason; the jury must also believe the plaintiff's explanation of intentional discrimination.  *Knott*, 624 Fed. App'x at 998.  Therefore, to show pretext, Plaintiff must prove Fields:  (1) did not terminate his employment for his fraudulent activity; and (2) terminated his employment because of his age.

Therefore, Plaintiff must offer probative evidence that Fields' reason for termination was false **and** that unlawful discrimination was the real reason he was terminated.  In doing so, he needs to rely upon more than just his own conclusory statements of allegations; he must adduce evidence to support his allegations.  As a result, Plaintiff will not be able to prove pretext.

**K.**     **Liquidated Damages Under The ADEA Preclude Punitive Damages Under The FCRA.**

Plaintiff cannot recover punitive damages under his age claim.  If Plaintiff prevails on his age claim, and the jury finds Fields' conduct was willful, he cannot collect both liquidated damages under the ADEA and punitive damages under the FCRA.  An award of liquidated damages under the ADEA precludes an award of punitive damages under the FCRA.  *Hipp v. Liberty Nat. Life Ins. Co.*, 65 F. Supp. 2d 1314, 1320 (M.D. Fla. 1998)  "[T]here can be no doubt

<=>
<=>
<=>
<=>
<=>

that to allow a prevailing plaintiff to recover both liquidated damages under the ADEA, and punitive damages under the [Florida Civil Rights Act], constitutes double recovery and is therefore impermissible." *Id.* at 1320 (quoting *Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1059 (S.D. Fla. 1995)).[4]  This rule applies even if the liquidated damages award is lower than the punitive damages award. *Stone v. GEICO Gen. Ins. Co.*, 8:05-CV-636-T-30TBM, 2009 WL 3720954, at *5 (M.D. Fla. Nov. 5, 2009).  Once a jury finds a willful violation of the ADEA, an award of liquidated damages under the statute becomes mandatory, and the Court is obligated to strike the jury's award of punitive damages and remit the full amount. *Hipp*, 29 F. Supp. 2d at 1320.  Courts do not have the discretion to reduce the amount of liquidated damages. *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1561 (11th Cir. 1988).  Consequently, in this scenario, "a plaintiff is not entitled to any form of punitive damages beyond liquidated damages." *Hipp*, 29 F. Supp. 2d at 1320 (noting that the provision for liquidated damages operates as a penalty, and is a legislative substitute for any type of punitive damage).  Plaintiff cannot be awarded both punitive and liquidated damage in this case. *See Stone*, 2009 WL, at *5 (holding "both punitive and liquidated damages cannot be awarded in this case" in a case involving ADEA and FCRA claims for age discrimination).  If the jury finds a willful violation of the ADEA, Plaintiff is not entitled to punitive damages.

**L.     Plaintiff Is Not Entitled To Compensatory Damages.**

Plaintiff claims he is entitled to compensatory damages for emotional pain and suffering, mental anguish, and loss of enjoyment of life.  Plaintiff plans to prove these "injuries" by his own

---

[4]     *Hipp,* was affirmed in part and reversed in part on appeal in 252 F.3d 1208 (11th Cir. 2001), but this portion of the lower court's decision was not appealed.

testimony.  Compensable emotional distress is not to be presumed.  The alleged injury or distress must be real and must be demonstrated to have been legally caused by the defendant.  *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); *Stone v. GEICO General, Ins. Co.*, No. 8:05-cv-T-30TBM, 2009 WL 3720954 at * 6  (M.D. Fla. Nov. 5, 2009) ("To recover more than nominal damages for emotional distress, [p]laintiff must prove actual injury.").

Plaintiff's employment was terminated on May 7, 2014.  He has seen no physicians for treatment of mental issues since his employment was terminated.  He has no evidence of injuries legally caused by Defendant.  At most, Plaintiff will offer his own testimony, and perhaps the testimony of his clearly biased son—who is entirely financially dependent on Plaintiff—to attempt to prove emotional distress and other compensatory damages.  A plaintiff's own testimony regarding his or her emotional distress is of limited value.  *Stone*, 2009 WL 3720954, at *6.  Defendant submits that Plaintiff will not produce legally sufficient evidence of injuries to support an award of compensatory damages, and, therefore, such damages should be denied.  If plaintiff prevails on either claim, he is not entitled to compensatory damages.

DATED this 6th day of February 2017.

Respectfully submitted,

/s/ John E. Duvall
John E. Duvall, Esquire
Florida Bar Number 0503932
jduvall@fordharrison.com

FORD**HARRISON**LLP
225 Water Street, Suite 710
Jacksonville, Florida  32203
T (904) 357-2000 | F (904) 357-2001

>Ashwin R. Trehan, Esquire
>Florida Bar Number 0042675
>atrehan@fordharrison.com
>David M. Kalteux, Esquire
>Florida Bar Number 118746
>dkalteux@fordharrison.com
>
>FORD**HARRISON**LLP
>101 East Kennedy Boulevard, Suite 900
>Tampa, Florida 33602
>T (813) 261-7800 | F (813) 261-7899
>
>Attorneys for Defendant, Fields Motorcars of Florida, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February 2017, the foregoing Defendant's Trial Brief was electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a notice of electronic filing to the attorney of record for Plaintiff, Gregory A. Owens, Esquire and Miguel Bouzas, Esquire, BOUZAS OWENS, P.A., 2154 Duck Slough Boulevard, Suite 101, Trinity, Florida 34655, via email at greg@bouzasowens.com and miguel@bouzasowens.com.

>/s/ John E. Duvall
>
>Attorney

WSACTIVELLP:8959421.1