**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL AXEL,

       Plaintiff,

   v.                              **CASE NO.: 8:15-CV-00893-EAK-JSS**

FIELDS MOTORCARS OF FLORIDA, INC.,

       Defendant.

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, Fields Motorcars of Florida, Inc. ("Fields" or "Defendant") submit its proposed jury instructions in accordance with the Court's May 26, 2015 Case Management and Scheduling Order (Doc. 10), the Court's January 11, 2017 Pretrial Order (Doc. 52), the Court's Trial Calendar (Doc. 50), and the Court's Notice of Rescheduling Trial (Doc. 56).

DATED this 6th day of February 2016.

**[SIGNATURES APPEAR ON NEXT PAGE]**

Respectfully submitted,

/s/ David M. Kalteux
John E. Duvall, Esquire
Florida Bar Number 0503932
jduvall@fordharrison.com

FORD**HARRISON**LLP
225 Water Street, Suite 710
Jacksonville, Florida  32203
T (904) 357-2000 | F (904) 357-2001

Ashwin R. Trehan, Esquire
Florida Bar Number 0042675
atrehan@fordharrison.com
David M. Kalteux
Florida Bar Number 0118746
dkalteux@fordharrison.com

FORD**HARRISON**LLP
101 East Kennedy Boulevard, Suite 900
Tampa, Florida 33602
T (813) 261-7800 | F (813) 261-7899

Attorneys for Defendant, Fields Motorcars of
Florida, Inc.

**JURY INSTRUCTION NO. 1**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

**What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence:**

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.   In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence.  But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence.   Only the witnesses' answers are evidence.  Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?"  That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence.  When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if she thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Credibility of witnesses**:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**Description of the case:**

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Michael Axel, claims that Defendant, Fields Motorcars of Florida, Inc. (hereinafter, "Fields"), discriminated against him and terminated his employment because of his age or handicap status.  Fields denies that it terminated Plaintiff's employment because of his age or handicap status.  Specifically, Fields contends that it terminated Plaintiff's employment because it discovered that Plaintiff had falsified documentation that misrepresented him as a general manager of Fields and identified his son—who was not a Fields employee—as a representative authorized to buy and sell automobiles on behalf of Fields.

**Burden of proof:**

Michael Axel has the burden of proving his case by what the law calls a "preponderance of the evidence."  That means Michael Axel must prove that, in light of all the evidence, what he claims is more likely true than not.  So, if you could put the evidence favoring Michael Axel and the evidence favoring Fields on opposite sides of balancing scales, Michael Axel needs to make the scales tip to his side.  If Michael Axel fails to meet this burden, you must find in favor of Fields.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**Conduct of the jury**:

      While serving on the jury, you may not talk with anyone about anything related to the case.  You may tell people that you're a juror and give them information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

      You shouldn't even talk about the case with each other until you begin your deliberations.  You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating.  You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

      In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, and Twitter.

      You also shouldn't Google or search online or offline for any information about the case, the parties, or the law.  Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it.  It's very important that you understand why these rules exist and why they're so important.  You must base your decision only on the testimony and other evidence presented in the courtroom.  It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only

you jurors can decide a verdict in this case.  The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**Taking notes:**

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room. Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

**Course of the trial:**

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Michael Axel will present his witnesses and ask them questions.  After Michael Axel questions the witness, Fields may ask the witness questions – this is called "cross-examining" the witness.  Then Fields will present its witnesses, and Michael Axel may cross-examine them.   You should base your decision on all the evidence, regardless of which party presented it.

 After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

 You'll then go to the jury room to deliberate.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED          _____

DENIED              _____

GIVEN AS MODIFIED     _____

**JURY INSTRUCTION NO. 2[1]**
**<u>STIPULATIONS</u>**

Sometimes the parties have agreed that certain facts are true. This agreement is called a

stipulation.  You must treat these facts as proved for this case.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                    _____

DENIED                         _____

GIVEN AS MODIFIED      _____

---

[1] Plaintiff has indicated that he agrees to this instruction as phrased.

## JURY INSTRUCTION NO. 3[2]
## <u>Use of Interrogatories</u>

You've heard answers that both Michael Axel and Fields gave in response to written questions that the other side submitted.  The questions are called "interrogatories."  Before trial, Michael Axel and Fields gave the answers to the interrogatories in writing under oath.

You must consider Michael Axel's and Fields' answers to the interrogatories as though they gave the answers on the witness stand.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                          _____

DENIED                              _____

GIVEN AS MODIFIED              _____

---

[2] Plaintiff has indicated that he agrees to this instruction as phrased.

## JURY INSTRUCTION NO. 4[3]
### The Duty to Follow Instructions

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                          _____

DENIED                             _____

GIVEN AS MODIFIED            _____

---

[3] Plaintiff has indicated that he agrees to this instruction as phrased.

**JURY INSTRUCTION NO. 5[4]**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                    _____

DENIED                        _____

GIVEN AS MODIFIED          _____

---

[4] Plaintiff has indicated that he agrees to this instruction as phrased.

## JURY INSTRUCTION NO. 6[5]
## <u>Responsibility for Proof</u>

In this case it is the responsibility of Michael Axel to prove every essential part of his claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Michael Axel's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Michael Axel.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Michael Axel's claims by a preponderance of the evidence, you should find for Fields as to that claim.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                     _____

DENIED                         _____

GIVEN AS MODIFIED          _____

---

[5] Plaintiff has indicated that he agrees to this instruction as phrased.

**JURY INSTRUCTION NO. 7[6]**
**Court's Instruction to the Jury**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                           _____

DENIED                              _____

GIVEN AS MODIFIED            _____

---

[6] Plaintiff has indicated that he agrees to this instruction as phrased.

**JURY INSTRUCTION NO. 8**
**Age Discrimination**
**Disparate Treatment Claim[7]**

In this case, Michael Axel makes a claim under both the federal and state laws that prohibit employers from discriminating against an employee in the terms and conditions of employment because of the employee's age.  The federal law applies to employees who are at least 40 years old.

Specifically, Michael Axel claims that Fields terminated his employment because of his age.

Fields denies Michael Axel's claim and asserts that it terminated Plaintiff's employment due to legitimate, nondiscriminatory reasons.  Specifically, Fields contends it terminated Michael Axel's employment because it discovered that Plaintiff had falsified documentation that misrepresented him as a general manager of Fields and identified his son—who was not a Fields employee—as a representative authorized to buy and sell automobiles on behalf of Fields.

To succeed on his claim against Fields, Michael Axel must prove each of the following facts by a preponderance of evidence:

First:  Michael Axel was Fields' employee;

Second:  Michael Axel was at least 40 years old at the time of the termination of his employment;

Third:  Fields terminated Michael Axel's employment;

Fourth:  Fields took that action because of Michael Axel's age.

---

[7] Defendant contends, for reasons set forth in its Trial Brief, that Plaintiff must proceed on *either* his claim of age discrimination or his claim of handicap discrimination, but not both.

Fields has stipulated that Michael Axel has met the first three elements of this claim. Therefore, the only thing you must decide is whether Fields terminated Michael Axel's employment because of his age.

To determine that Fields terminated Michael Axel's employment because of his age, you must decide that Fields would not have terminated his employment if Michael Axel had been younger but everything else had been the same.

Fields denies that it terminated Michael Axel's employment because of his age and claims that it made the decision because Michael Axel falsified documentation that misrepresented him as a general manager of Fields and identified his son—who was not a Fields employee—as a representative authorized to buy and sell automobiles on behalf of Fields.

An employer may not discriminate against an employee because of age, but an employer may terminate an employee's employment for any reason, good or bad, fair or unfair.  If you find that Fields' decision to terminate Plaintiff's employment was not because of Michael Axel's age, you must not second-guess the decision, and you must not substitute your own judgment for Fields' judgment—even if you do not agree with it.

As I have explained, Michael Axel has the burden to prove that Fields' decision to terminate his employment was because of his age. I have explained to you that evidence can be direct or circumstantial. To decide whether Fields' decision to terminate Michael Axel's employment was because of his age, you may consider the circumstances of Fields' decision. For example, you may consider whether you believe the reason Fields gave for the decision. If you do not believe the reason Fields gave for the decision, you may consider whether the reason was

so unbelievable that it was a cover-up to hide the true reason for the decision, and that age discrimination was the true reason for the decision.

Same Actor Inference.[8]  If the evidence shows that the same actor both hired and fired Michael Axel, an inference may arise that Fields' stated justification for terminating Michael Axel's employment is worthy of belief.  It is up to you to decide whether you want to use this inference and whether it outweighs Michael Axel's evidence that Fields' stated reason for its decision was a pretext, and that age discrimination was the real reason for terminating Michael Axel's employment.

If you find that Michael Axel has proved each of the elements he must prove, you must decide the issue of Michael Axel's compensatory damages.

If you find that Michael Axel has proved his claims, you must consider the issue of Michael Axel's compensatory damages.  In doing so, you should determine what amount, if any, has been proven by Michael Axel by a preponderance of the evidence as full, just and reasonable compensation for all of Michael Axel's damages as a result of the termination of his employment with Fields, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Fields.  Also, compensatory damages must not be based on speculation or guesswork.

---

[8] *Williams v. Vitro Services Corp.*, 144 F.3d 1438, 1442-43 (11th Cir. 1998) (in a case of first impression, the Eleventh Circuit approved the use of the same actor inference); *see also Gilbert v. Walt Disney Parks and Resorts, LLC*, No. 6:03CV1193ORL28JGG, 2005 WL 1863367, at n. 10 (M.D. Fla. Aug. 3, 2005) (holding same actor inference can be considered by jury in determining the pretext issue); *Smith v. Florida Dept. of Transp.*, 98-1349-CIV-T-25F, 1999 WL 33216741, at *4 (M.D. Fla. Nov. 30, 1999) (applying the same actor inference on a motion for summary judgment).

You should consider the following elements of damages, to the extent you find that Michael Axel has proved his claim by a preponderance of evidence, and no others:

(1)  Net lost wages and benefits from the date of the termination of his employment to the date of your verdict.  To determine the amount of Michael Axel's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost; and

(2)  Any emotional pain and mental anguish experienced in the past or to be experienced in the future.[9]  There is no exact standard for measuring such damages.[10]  The amount should be fair and just in light of the evidence.[11]

**Willful Violation:**[12]  Michael Axel also claims that Fields willfully violated the law.  You will only consider this issue if you find for Michael Axel and award him compensatory damages.

If Fields knew that its termination of Michael Axel's employment violated the law, or acted in reckless disregard of that fact, then its conduct was willful.  If Fields did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard about whether the law prohibited its conduct, its conduct was not willful.

---

[9] Florida Standard Jury Instructions – Civil Cases – Section 415.12 Unlawful Retaliation Damages (discussing damages for emotional pain and mental anguish).

[10] *Id.*

[11] *Id.*

[12] For his age discrimination claim, Plaintiff is only entitled to liquidated damages and not punitive damages because liquidated damages under the ADEA preclude punitive damages under the Florida Civil Rights Act.  *Hipp v. Liberty National Life Insurance Company*, 29 F. Supp. 2d 1314, 1320 (M.D. Fla. 1998) (court held that "[a] plaintiff is not entitled to any form of punitive damages beyond liquidated damages" when he or she has age discrimination claims under both the ADEA and FCRA because it amounts to double recovery); *Moses v. K-mart Corp.*, 905 F. Supp. 1054, 1059 (S.D. Fla. 1995) ("[T]here can be no doubt that to allow a prevailing plaintiff to recover both liquidated damages under the ADEA, and punitive damages under the FCRA, constitutes double recovery and it is therefore impermissible.").

**Source**: 11th Circuit Pattern Jury Instructions (2013 ed.); Florida Standard Jury Instructions – Civil Cases – Section 415.12 Unlawful Retaliation Damages (discussing damages for emotional pain and mental anguish);[13] *Williams v. Vitro Services Corp.*, 144 F.3d 1438, 1442-43 (11th Cir. 1998); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993); *Knott v. DeKalb County School System*, 624 Fed. App'x. 996, 998 (11th Cir. 2015); *Noel v. Terrace of St. Cloud, LLC*, 6:14-CV-597-ORL-40, 2015 WL 5542519, at *4 (M.D. Fla. Sept. 18, 2015); *Gilbert v. Walt Disney Parks and Resorts, LLC*, No. 6:03CV1193ORL28JGG, 2005 WL 1863367, at n. 10 (M.D. Fla. Aug. 3, 2005); *Smith v. Florida Dept. of Transp.*, 98-1349-CIV-T-25F, 1999 WL 33216741, at *4 (M.D. Fla. Nov. 30, 1999).


APPROVED                        _____

DENIED                          _____

GIVEN AS MODIFIED               _____

---

[13] The Florida Standard Jury Instructions are available at http://www.floridasupremecourt.org/civ_jury_instructions/instructions.shtml

**JURY INSTRUCTION NO. 9**
**Handicap Discrimination**
**Disparate Treatment Claim[14]**

In this case, Michael Axel claims that Fields discriminated against him by terminating his employment because of his "handicap" status within the meaning of the Florida Civil Rights Act (the FCRA).[15]

Fields denies Michael Axel's claim and asserts that it terminated Plaintiff's employment due to legitimate, nondiscriminatory reasons. Specifically, Fields contends it terminated Plaintiff's employment because it discovered that Plaintiff had falsified documentation that misrepresented him as a general manager of Fields and identified his son—who was not a Fields employee—as a representative authorized to buy and sell automobiles on behalf of Fields.

Under the FCRA, if a person is qualified to do the job, it is unlawful for an employer to discharge the person because of that person's handicap.

To succeed on his claim, Michael Axel must prove all the following facts by a preponderance of the evidence:

First:         Michael Axel had a handicap;

Second:    Michael Axel was a qualified individual;

Third:       Fields terminated Michael Axel's employment; and

---

[14] Defendant contends, for reasons set forth in its Trial Brief, that Plaintiff must proceed on *either* his claim of age discrimination or his claim of handicap discrimination, but not both.
[15] The FCRA does not define the term "handicap," therefore; courts look to the Americans with Disabilities Act's definition of a "disability" when handling handicap discrimination cases under the FCRA. *See Byrd v. BT Foods, Inc.*, 984 So.2d 921, 926 (Fla. 4th DCA 2007). The proper causation standard under the Americans with Disabilities Act is the "but for" causation standard that applies under the ADEA. *See McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996) ("The ADA imposes a 'but for' liability standard."); *see also Stiles v. Judd*, No. 8L12-cv-02375-T-27EAJ, 2013 WL 6185404, at n. 3 (applying the "but for" standard of causation).

Fourth:        Fields took that action because of Michael Axel's handicap.

Fields has stipulated that Michael Axel has met the first three elements of this claim. Therefore, the only thing you must decide is whether Fields terminated Michael Axel's employment "because of" Michael Axel's handicap.

To determine that Fields terminated Michael Axel's employment because of Michael Axel's handicap, you must decide that Fields would not have terminated Michael Axel's employment if he had not had a handicap but everything else had been the same.

Fields denies that it terminated Michael Axel's employment because of his handicap and claims that it made the decision for legitimate nondiscriminatory reasons—specifically—because it discovered that Plaintiff had falsified documentation that misrepresented him as a general manager of Fields and identified his son—who was not a Fields employee—as a representative authorized to buy and sell automobiles on behalf of Fields.

An employer may not discriminate against an employee because of the employee's handicap, but an employer may discharge an employee for any other reason, good or bad, fair or unfair. If you find that Fields' decision to terminate Michael Axel's employment was not because of Michael Axel's handicap, you must not second-guess that decision, and you must not substitute your own judgment for Fields' judgment – even if you do not agree with it.

As I have explained, Michael Axel has the burden to prove that Fields' decision to terminate his employment was because of his handicap. I have explained to you that evidence can be direct or circumstantial. To decide whether Fields' decision to terminate Michael Axel's employment was because of his handicap, you may consider the circumstances of Fields' decision. For example, you may consider whether you believe the reason Fields gave for the

decision. If you do not believe the reason Fields gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true reason for the decision, and that handicap discrimination was the true reason for the decision.

If you find that Michael Axel has proved that Fields terminated his employment because of his handicap, you must decide the issue of Michael Axel's compensatory damages.  In doing so, you should determine what amount, if any, has been proven by Michael Axel by a preponderance of the evidence as full, just and reasonable compensation for all of Michael Axel's damages as a result of the termination of his employment with Fields, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Fields.  Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damages, to the extent you find that Michael Axel has proved his claim by a preponderance of evidence, and no others:

(1)  Net lost wages and benefits from the date of the termination of his employment to the date of your verdict.  To determine the amount of Michael Axel's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost; and

(2)  Any emotional pain and mental anguish experienced in the past or to be experienced in the future.[16]  There is no exact standard for measuring such damages.[17]  The amount should be fair and just in light of the evidence.[18]

---

[16] Florida Standard Jury Instructions – Civil Cases – Section 415.12 Unlawful Retaliation Damages (discussing damages for emotional pain and mental anguish).
[17] *Id.*
[18] *Id.*

**Punitive Damages.** [19]  There is an additional claim in this case that you must decide.  If you find for Michael Axel and against Fields on his claim of handicap discrimination, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Fields and as a deterrent to others.

Michael Axel claims that punitive damages should be awarded against Fields for Gary Gordon's conduct in his termination of employment.  Punitive damages are warranted if you find by clear and convincing evidence that Gary Gordon was personally guilty of intentional misconduct or gross negligence, which was a substantial cause of loss, injury or damage to Michael Axel and that:

(A).    Fields actively and knowingly participated in such conduct of Gary Gordon; or

(B).    The officers, directors or managers knew of Gary Gordon's conduct, and knowingly condoned, ratified, or consented to such conduct of (employee/agent); or

(C).    Fields engaged in conduct that constituted gross negligence and that contributed to the loss, damage, or injury of Michael Axel.

Applying this standard, you may, in your discretion, award punitive damages against Fields.  If Plaintiff does not prove by clear and convincing evidence that Gary Gordon and Fields committed such conduct, you cannot award punitive damages against Fields.

"Intentional misconduct" means that Gary Gordon had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to Michael Axel and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury

---

[19]Because this is a claim under the FCRA, this entire section on punitive damages was prepared from the Florida Standard Jury Instructions – Civil Cases – Section 503.2 Punitive Damages in a Non-Bifurcated Procedure.

or damage. "Gross negligence" means that the conduct of Gary Gordon were so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive.  As I have already instructed you, "preponderance of evidence" means an amount of evidence that is enough to persuade you that Michael Axel's claim is more likely true than not true.[20]

If you decide that punitive damages are warranted against Fields, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Fields and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(1).    the nature, extent and degree of misconduct and the related circumstances, including the following:

(A).    whether the wrongful conduct was motivated solely by unreasonable financial gain;

(B).    whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Gary Gordon;

(C).    whether, at the time of loss, injury, or damage, Gary Gordon had a specific intent to harm Michael Axel and the conduct of Gary Gordon did in fact harm Michael Axel.

You may in your discretion decline to assess punitive damages.

**Source**: 11th Circuit Pattern Jury Instructions (2013 ed.); Florida Standard Jury Instructions – Civil Cases – Section 503.2 Punitive Damages for Non-Bifurcated Procedure; *St. Mary's Honor*

---

[20] *See* Jury Instruction No. 6.

*Ctr. v. Hicks*, 509 U.S. 502, 515 (1993); *Knott v. DeKalb County School System*, 624 Fed. App'x. 996, 998 (11th Cir. 2015); *Noel v. Terrace of St. Cloud, LLC*, 6:14-CV-597-ORL-40, 2015 WL 5542519, at *4 (M.D. Fla. Sept. 18, 2015); *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996); *Stiles v. Judd*, No. 8L12-cv-02375-T-27EAJ, 2013 WL 6185404, at n. 3 (M.D. Fla. Nov. 25, 2013).

APPROVED                      _____

DENIED                         _____

GIVEN AS MODIFIED        _____

### JURY INSTRUCTION NO. 10
### <u>Mitigation of Damages</u>

If you find for Michael Axel and against Fields on either claim, you must decide whether Michael Axel properly mitigated his damages.  You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Michael Axel to be reasonably diligent in seeking substantially equivalent employment to the position he held with Fields.  To prove that Michael Axel failed to mitigate damages, Fields must prove by a preponderance of the evidence that:  (1) work comparable to the position Michael Axel held with Fields was available, and (2) Michael Axel did not make reasonably diligent efforts to obtain it. If, however, Fields shows that Michael Axel did not make reasonable efforts to obtain any work, then Fields does not have to prove that comparable work was available.

If you find that Fields proved by a preponderance of the evidence that Michael Axel failed to mitigate damages, then you should reduce the amount of Michael Axel's damages by the amount that could have been reasonably realized if Michael Axel had taken advantage of an opportunity for substantially equivalent employment.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                        _____

DENIED                             _____

GIVEN AS MODIFIED          _____

**JURY INSTRUCTION NO. 11[21]**
**<u>Duty to Deliberate</u>**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                          _____

DENIED                             _____

GIVEN AS MODIFIED              _____

---

[21] Plaintiff has indicated that he agrees to this instruction as phrased.

**JURY INSTRUCTION NO. 12[22]**
**Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.

 If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Source**:  11th Circuit Pattern Jury Instructions (2013 ed.).

APPROVED                     _____

DENIED                          _____

GIVEN AS MODIFIED       _____

---

[22] Plaintiff has indicated that he agrees to this instruction as phrased.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of February 2017, the foregoing Defendant's

Proposed Jury Instructions was electronically filed with the Clerk of the Court using the CM/ECF

system, which will electronically send a notice of electronic filing to the attorneys of record for

Plaintiff, Gregory A. Owens, Esquire and Miguel Bouzas, Esquire, BOUZAS OWENS, P.A., 2154

Duck Slough Boulevard, Suite 101, Trinity, Florida  34655, via email at greg@bouzasowens.com

and miguel@bouzasowens.com.

/s/ David M. Kalteux
Attorney

WSACTIVELLP:8972581.1