UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL AXEL,**

    **Plaintiff,**

v.                                      **Case No.: 8:15-cv-00893-EAK-JSS**

**FIELDS MOTORCARS OF
FLORIDA, INC.,**

    **Defendant.**

_____/

## PLAINTIFF MICHAEL AXEL'S TRIAL BRIEF

Plaintiff, Michael Axel, submits this trial brief in compliance with the Court's Case Management and Scheduling Order (Dkt. 10) and Pretrial Order (Dkt. 52). Plaintiff anticipates the disputed issues of law that are likely to arise at trial are the causation requirement under the ADEA, whether Majed Nasrallah is a proper comparator, and whether Defendant is entitled to the "same-actor" inference.

    **I.    Causation Requirement Under the ADEA – "But-for" Causation Does Not Mean "Sole Cause."**

To prevail on an ADEA claim, Plaintiff must prove by a preponderance of the evidence that Defendant's adverse employment action would not have occurred "but for" Plaintiff's age. *Rodriguez v. Cargo Airport Svs. USA, LLC*, 648 Fed.Apxx. 986, 989 (11th Cir. 2016) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)). Plaintiff anticipates that Defendant will argue that "but for" causation under the ADEA means "sole" causation. This interpretation has been routinely rejected by courts addressing the same issue, and should similarly be rejected here.

As noted above, *Gross* requires "but for" causation. However, it is well established that there is a difference between "but for" causation, and "sole" causation. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282 n.10 (1976) (distinguishing sole causation from "but for" causation); *see also McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1076 (11th Cir. 1996) (same). *Gross* refers only to "but for" causation, but *did not* hold that "but for" cause means sole cause. As succinctly put by one district court, "*Gros*s did not consider whether a plaintiff might pursue both an ADEA claim and a claim under [another civil rights statute] based on the same adverse job action. Nor did [*Gross*] hold that there can be only one 'but-for' cause of an employment decision. It is a long-recognized teneant of tort law that a plaintiff's injury can have multiple "but-for" causes, each one of which may be sufficient to support liability." *Pearson v. Lawrence Medical Center,* 2012 WL 5265774, *6 (N.D. Ala. 2012).[1]

After its ruling in *Gross,* the Supreme court explained that a variety of factors may be at play in a given scenario, but if other factors standing along would not have produced the same outcome, then the act in question was a "but for" cause "if, so to speak, it was the straw that broke the camel's back." *Burrage v. United States,* 134 S.Ct. 881, 888 (2014). In *Burrage,* the Court used a poisoning example to drive home the point: "Thus if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death, even if those diseases played a

---

[1] As explained by another district court in the context of an ADEA and a Title VII or §1981 claim, *"*[I]t is not difficult to conceive of a scenario where this principle could apply to an employment decision alleged to violate both the ADEA and Title VII or § 1981. Consider the example of a qualified, 50 year-old female job applicant who is rejected for a vacant position that is later filled by a 30 year-old male. She sues the employer for age discrimination under the ADEA and sex discrimination under Title VII. During discovery, it is shown that, around the time he rejected the plaintiff, the decision-maker had said, "Old people and women are all terrible workers. I'll never hire either one, and old women are the absolute worst." It seems inconceivable that Congress or the *Gross* Court would have contemplated the decision-maker's misogyny as exculpating the employer from liability under the ADEA." *Bailey v. City of Huntsville, Ala.,* 5:11-CV-0156-PWG, 2012 WL 2047672, at *9 (N.D. Ala. May 25, 2012), report and recommendation adopted, 5:11-CV-0156-LSC, 2012 WL 3042666 (N.D. Ala. July 19, 2012), aff'd sub nom. *Bailey v. City of Huntsville*, 517 Fed. Appx. 857 (11th Cir. 2013). The same logic applies to Plaintiff's claims under the ADA and FCRA.

part of his demise, so long as, without the incremental effect of the poison, he would have lived. *Id.* Critically, in quoting *Gross* and *Nassar,* the Supreme Court in *Burrage* replaced "the" with "a" (*i.e.,* "a but-for cause as opposed to "the" but-for cause), clarifying that but-for causation does not require a showing that a forbidden motive was the sole cause of a challenged employment action in ADEA cases. *Id.* at 888-89. Put simply, "but for" means that the protected activity 'was the factor that made a difference." *Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013).

Furthermore, federal appellate and district courts have ruled in recent decisions that a plaintiff can show but-for causation without needing to show that an impermissible motive was the *sole* cause of a challenged employment action. *See, e.g., Ponce v. Billington*, 679 F.3d 840, 846 (D.C. Cir. 2012) ("[W]e never said—nor could we . . .—that a plaintiff in a but-for case must show that an adverse employment action occurred solely because of a protected characteristic."); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 n.1 (7th Cir. 2014) ("The requirement of but-for causation in [Title VII] retaliation claims does not mean that the protected activity must have been the only cause of the adverse action. Rather, it means that the adverse action would not have happened without the activity."); *Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 (2d Cir. 2013) ("However, 'but-for' causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive.") (footnote omitted); *Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013) ("By dismissing Appellants' complaint on the basis that they 'have asserted a mixed-motive case, which is prohibited,' the district court misread *Gross*, since 'but-for cause' does not mean 'sole cause.'"); *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 315-16 (6th Cir. 2012) (en banc) ("A law establishing liability against employers who discriminate 'because of' an employee's disability does not require the employee to show that the disability was the 'sole' cause of the adverse

employment action."); *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010) ("*Gross* does not disturb longstanding Tenth Circuit precedent by placing a heightened evidentiary requirement on ADEA plaintiffs to prove that age was the sole cause of the adverse employment action."); *Arthur v. Pet Dairy,* 593 F. App'x 211, 220 (4th Cir. 2015) ("for an event to be the 'but-for cause,' it need not be the sole cause of the adverse employment action"); *McQueen v. Wells Fargo Home Mortg.*, 955 F. Supp. 2d 1256, 1283 (N.D. Ala. 2013) ("[t]he 'but for' causation standard of the ADEA does not require that a plaintiff prove that his age was the sole factor motivating the challenged employment action").

In further clarifying "but-for" causation under the ADEA, Judge Hinkle of the U.S. District Court for the Northern District of Florida perhaps explained it best:

> [T]he defense says that age has to be the sole cause of a firing. That's not so. It just has to be a but for cause of the firing. That's all *Gross* says.
>
> The way I would explain that is this: If you had an . . . an employer who . . . adopts a policy and says, if you're late, and you're over 40, you will be fired. If you're late, and you're under 40, you will be reprimanded.
>
> The plaintiff comes in late. The plaintiff is over 40. The plaintiff is fired. The plaintiff brings an Age Discrimination in Employment Act case, the plaintiff wins. The plaintiff wins, because age is a but-for cause of the firing. If the plaintiff had been younger, the plaintiff would not have been fired.
>
> But it's not the sole cause of the firing. If the plaintiff hadn't been late, the plaintiff wouldn't have been fired either. So being late is a but-for cause of the firing. There are two but-for cuases of the firing: One is bring late; one is being old. Over 40.
>
> If there are two but-for causes, the plaintiff wins. Age does not have to be the sole cause; if just has to be a but-for cause.

Excerpt of Proceedings at 4-5, *Ponder v. Wal-Mart,* No. 4:12-cv-544/RH, (N.D. Fla. June 14, 2013) (J. Hinkle).

Similarly, in assessing the evidence, the jury in this case may conclude that age was the but-for cause of Plaintiff's termination, that disability was the but-for cause of his termination, that

both were but-for causes of his termination, or that neither were but-for causes of his termination. Nothing in the case law developed since *Gross* requires that either age or disability be the "sole" but-for reason for Plaintiff's termination, and Defendant's efforts to impose this heightened standard of proof in this case should be rejected.

## II. Majed Nasrallah is a Proper Comparator

Plaintiff anticipates that Defendant will argue that Majed Nasrallah, a substantially younger, non-disabled salesperson at the Lakeland BMW dealership where Plaintiff worked that committed far more egregious offenses than Plaintiff and was not terminated or disciplined, is not a proper comparator in this case. Defendant's argument should be rejected.

Generally, when a plaintiff seeks to demonstrate discrimination through comparator evidence, "the compared employees must have been involved in or accused of the same or similar conduct, yet disciplined in different ways. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1326 n.17, (11th Cir. 2011) (internal cites omitted). "[T]he quantity and quality of the comparator's misconduct must be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Maniccia v. Brown,* 171 F.3d 1364, 1368-69 (11th Cir. 1999); *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 n.2 (11th) (same). Nonetheless, as correctly noted by the Court previously, "comparators need not be the plaintiff's doppelgangers" to meet the *Maniccia* standard for comparator evidence. *See Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327, 1340 (11th Cir. 2015).

Importantly, *Maniccia* addressed the types of comparator evidence that may satisfy the forth element of a prima facie case under the *McDonnel Douglas* analysis.[2] Evidence need not,

---

[2] Here, though helpful, it is not necessary for Plaintiff to rely solely on comparator evidence to establish a prima facie case under the ADEA or FCRA. Nonetheless, Plaintiff has established a similarly situated comparator in Majed Nasrallah for purposes of both his prima facie case *and* to establish pretext for Defendant's proffered reason for terminating Plaintiff.

however, fit within this analysis to be admissible as circumstantial evidence of discrimination. As the Eleventh Circuit confirmed, "a plaintiff can also create a triable issue of fact concerning an employer's discriminatory intent by presenting a 'convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Smith v. City of New Smyrna Beach,* 588 Fed. Appx. 965, 975 (11th Cir. 2014) (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2001)).

The "convincing mosaic" analysis allows for a far broader scope of admissible evidence than the *McDonnell Douglas* analysis. When a plaintiff utilizes this method of raising an inference of discrimination, "various forms of evidence suffice," including, but not limited to:

> suspicious timing, ambiguous statements, similar behavior directed at other members of the protected group, and "other bits and pieces from which an inference of discriminatory intent might be drawn"; (2) systematically better treatment of those outside the protected class; and (3) pretext in the employer's justification.

*Smith,* 588 Fed. Appx. at 276. Thus, evidence regarding comparators that might not fit within the narrow framework of the *McDonell Douglas* test, as applied by *Maniccia* and its progeny, may nonetheless be admissible as part of a "convincing mosaic of circumstantial evidence" presented to a jury. In fact, the decision in *Smith* clearly demonstrates that any evidence of "better treatment of those outside the protected class" may be considered as part of this analysis.

Moreover, significant doubt exists whether *Maniccia* is the controlling standard for comparators in the Eleventh Circuit. In 1973, the Supreme Court opined that the issue is one of whether the actions of the comparators were of "comparable seriousness." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973). Later clarification was provided in *McDonald v. Santa Fe Trail Transportation Co.,* 427 U.S. 273, 283, n. 11, (1976), in which the Supreme Court again set forth the standard of comparable seriousness and explained that Title VII does not require

"precise equivalence" among comparators. *Id.* Rather, the test is whether an employer is "treating some people less favorably than others." *U. S. Postal Svc. v. Aikens,* 460 U.S. 711, 715 (1983);

In the same vain, the 11th Circuit has a long line of cases which have established that the "similarly situated" requirement does not mean "nearly identical." These cases have followed the dictates of the U.S. Supreme Court. *See Williams v. City of Montgomery*, 742 F.2d 586,588, n.2 (11th Cir. 1984), (a valid comparison may be made despite differences in employee conduct); *Pearson v. Macon-Bibb County Hospital Authority*, 952 F. 2d 1274, 1280, n.2 (11th Cir. 1992) (cautioning against an overly technical view of differences in job duties); *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) ("In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways"); *Lathem v. Dept. of Children & Youth Services*, 172 F. 3d 86, 793 (11th Cir. 1999) (comparators do not need to have the same job titles; relevant inquiry is not whether the employees hold the same job titles, but whether the employer subjected them to different employment policies); *Alexander v. Fulton County*, 207 F. 3d 1301, 1334 (11th Cir. 2000) (law does not require identical conduct); *Anderson v. WBMG-42*, 253 F. 3d 561, 565 (11th Cir. 2001) (same conduct and same supervisors are not required in that the law only requires similar misconduct).

Thus, cases such as *Maniccia* and its progeny inexplicably ignored the prevailing 11th Circuit and U.S. Supreme Court standards for comparator evidence. Critically, the Eleventh Circuit has not overturned earlier decisions of the "similarly situated" comparators in an *en banc* decision, and as such, Plaintiff maintains that "nearly identical" is not the law of this Circuit. *See Terpo v. RBC Bank*, 2013 WL 5519704 at *7-8 (N.D. Ala. Oct. 2, 2013) (analyzing comparator

issues in the Eleventh Circuit, noting that the "nearly identical" standard is not the law of this Circuit in examining misconduct).[3]

In the event that the Court determines *Maniccia* is the proper standards for comparators in this case, it is important to note that "nearly identical" does not mean "exactly identical." *McCann v. Tillman*, 526 F.3d 1370, 1374 (11th Cir. 2008) (noting that a range of comparators may suffice); *see also, Lathem v. Dep't. of Children and Youth Servs.,* 172 F.3d 786, 793 (11th Cir. 1999) (holding that job titles do not control regarding comparators). Further, the final inquiry is whether or not the employees were subjected to different policies or discipline. *See Id.*; *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 283 n.11 (1976) (disparate treatment for employees accused of acts of "comparable seriousness" may demonstrate pretext).

Nonetheless, under any articulation of the comparator standard, Majed Nasrallah is a proper comparator for all purposes, particularly so to show pretext pursuant to *Smith v. Lockheed-Martin Corp*. Both Nasrallah and Plaintiff worked in commissioned sales positions at the Lakeland BMW dealership at which Plaintiff worked, and Gary Gordon was both Plaintiff's and Nasrallah's general manager. Both bought and sold cars and both had the ultimate objective of maximizing Defendant's profits. Both worked during the substantially same time periods. Importantly, Nasrallah took a new vehicle without permission and then lied about doing so to his supervisor, Lance Lightsey. Lightsey went so far as to recommend that Nasrallah be terminated, but Gordon refused to do so. Nasrallah had also been written up several times and on at least one other

---

[3] The panel in *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) was the first to issue a published holding on the degree of similarity required for a comparator, this Court should follow *Holifield*'s holding. *See e.g., United States v. Moody,* 555 Fed. Appx. 867 (11th Cir. Feb. 3, 2014) (unpublished) (quoting *Cargill v. Turpin,* 120 F.3d 1366, 1386 (11th Cir.1997)) ("[T]he law of this Circuit is 'emphatic' that only the Supreme Court or this Court sitting en banc can judicially override a prior panel decision.").

occasion, Lightsey instructed Nasrallah not to lend a car to a customer, but Nasrallah did so, and the customer got into an accident.

As noted by the Court in its Order denying Defendant's Motion for Summary Judgment, Nasrallah's conduct was greater in quantiy than Plaintiff's conduct, and involved similar instances of alleged dishonesty and misuse of authority. Ironically, Defendant incurred no liability because of Plaintiff's *alleged* conduct, but did suffer actual damage due to Nasrallah's confirmed conduct. Moreover, Plaintiff was terminated for an alleged incident which took place *ten* years prior to his termination. Critically, Nasrallah was in his 30's at the time of Plaintiff's termination and is not disabled. Under these circumstances, Nasrallah is a proper comparator in this case and Defendant's more favorable treatment of Nasrallah is indicative of Defendant's discriminatory animus towards Plaintiff, as well as pretext.

### III.     Defendant is Not Entitled to a "Same Actor Inference" Jury Instruction

Plaintiff anticipates that Defendant will request a "same actor inference" jury instruction. Defendant, however, is not entitled to the inference under the facts of this case.

"Evidence that the same actor both hired and fired the plaintiff, in *some* circumstances, may help convince a jury that the defendant's proffered legitimate reasons for its decision are worthy of belief; it is the province of the jury rather than the court, however, to determine whether the inference generated by "same actor" evidence is strong enough to outweigh a plaintiff's evidence of pretext." *Williams v. Vitro Services Corp.,* 144 F.3d 1438, 1443 (11th Cir. 1998). Critically, the *Williams* court reiterated that any inference to be drawn is merely a permissible, not mandatory, inference that a jury may make in deciding whether intentional discrimination motivated the employer's conduct. *Id.*

Courts that have addressed the propriety of the "same actor" inference in discrimination cases have consistently held that the inference is inapplicable where the time span between the hiring and firing decisions is more than three years because such a span is not "relatively short".[4] *See Potter v. Synerlink Corp.,* 562 Fed Appx. 665, 676 n.10 (10th Cir. 2014) (finding that the inference did not apply where decision maker hired plaintiff three and a half years before he fired her); *Thomas v. iStar Fin., Inc.*, 438 F.Supp.2d 348, 361 (S.D.N.Y.2006), aff'd, 629 F.3d 276 (2d Cir.2010) ("[T]he same actor inference does not apply when considerable time has passed between the hiring and firing. In the Second Circuit, the inference no longer applies when more than two years separate the hiring and firing."); *Gue v. Suleiman*, 2012 WL 4473283 at *5 (S.D.N.Y. Sept. 27, 2012) (holding that "same actor" inference is undermined where there is three-year gap between hiring and firing decisions); *Grenier v. Key Floral, Inc.,* 2014 WL 3401719 at *7 (D.N.H. July 10, 2014) (ten-year time span between hiring and challenged demotion "is not the 'relatively short time span' contemplated by the courts that have adopted the same-actor inference."); *Garza v. Ranier L.L.C.,* 2013 WL 3967786 at *6 (W.D. Tex. July 31, 2013) (finding "same actor" inference "inapplicable" where there was three and a half year time span between hiring and firing decision by same actor); *Villareal v. Chubb & Son, Inc.,* 2012 WL 3151254 at *7 (C.D. Cal. July 31, 2012) (holding that "same actor" inference inapplicable where it appeared from evidence that there was more than five year span between promotion and firing decision by same decision maker); *Coburn v. PN II, Inc.,* 372 Fed. Appx. 796, 799 (9th Cir. 2010) (finding that two-year gap between hiring and firing decision was not a "short period of time" for purposes of applying "same actor" inference); *Llizo v. City of Topeka, Kansas,* 2012 WL 1934062, at *4 (D. Kan.May 29,

---

[4] The status and weight to be afford to "same actor" evidence remains unsettled in the Eleventh Circuit. *Flowers v. Troup County, Ga., Sch. Dist.,* 803 F.3d 1327, 1338 (11th Cir. 2015).

2012) (in examining weight of authority, court declined to "to apply the same actor inference when four years has elapsed between the hiring and firing decisions."); *Quinby v. WestLB AG,* 2007 WL 1153994, at *8 (S.D.N.Y. Apr. 19, 2007) (same actor inference is "extinguished" by four years that passed between hiring and firing).

As courts have recognized, the inference is greatly weakened the longer the time period between the hiring and firing decisions becomes:

> [E]ven if the court were inclined to apply the inference in this case, that inference is at least weakened by the significant length of time between the hiring and firing decisions because it is feasible that the decisionmaker may develop an animus toward a class of people that did not exist when the hiring decision was made. *See Carlton v. Mystic Transp., Inc.,* 202 F.3d 129, 138 (2d Cir.2000) (same actor inference less compelling when a significant period of time elapses between hiring and firing); *Rosales v. Career Sys. Dev. Corp.,* 2009 WL 3644867, at *13 (E.D.Cal.2009)(four-year span between hiring and firing weakens "potency" of inference).

*Llizo v. City of Topeka*, 2012 WL 1934062, at *5.

Here, Defendant's request for a same actor jury instruction is misplaced. It is undisputed that there was a *ten-year* gap between Gordon's decision to hire Plaintiff and Plaintiff's termination. This gap can hardly be considered a "relatively short period of time" required for application of the "same actor" inference. To the extent the inference carries any weight in this Circuit, its persuasive value diminishes significantly, where, as here, the discrimination complained of is age, which by its very nature develops over the passage of time. Thus, that Gary Gordon hired Plaintiff in 2004 bears little, if any, significance to the reason for Plaintiff's termination in 2014, other than Plaintiff was ten years older at the time of his termination.

Furthermore, the same actor inference with respect to Plaintiff's disability claims is inapplicable here because at the time of his hiring, Plaintiff was not disabled. As a result, the probative value of such an instruction is substantially outweighed by the danger of unfair prejudice

to Plaintiff and misleading the jury. Therefore, pursuant to the overwhelming weight of authority on this issue, the jury should not be instructed on the same actor inference because it is legally inapplicable to this case.

Respectfully submitted,

**BOUZAS OWENS, P.A.**

s/ *Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@bouzasowens.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@bouzasowens.com
2154 Duck Slough Blvd., Suite 101
Trinity, Florida 34655
(727) 254-5255
(727) 483-7942 (fax)
*Attorneys for Plaintiff*

**FLORIN ROEBIG, P.A.**

**CHRISTOPHER D. GRAY, ESQUIRE**
FL Bar No.: 902004
CDG@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Co-Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 6, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                                s/ *Gregory Owens*
                                                Attorney